O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

ADRIENNE L. DIXON,
Plaintiff,
v.
MICHAEL J. ASTRUE, Commissioner of the Social Security Administration,
Defendant.

Case No. CV 12-3491-MLG

MEMORANDUM OPINION AND ORDER

Plaintiff Adrienne Dixon seeks judicial review of the Commissioner's final decision denying her application for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") benefits. For the reasons stated below, the decision of the Commissioner is reversed, and the matter is remanded for further proceedings consistent with this opinion.

**I. Background**

Plaintiff was born on January 14, 1973, and was 36 years old at the time she filed her application for benefits. (Administrative Record ("AR") at 179.) She has a high school education and has relevant work experience as a special education assistant, customer service

representative and telemarketer. (AR at 185, 189.) Plaintiff filed her benefits applications on September 21, 2009, alleging disability beginning December 20, 2006, due to left ankle pain, hypertension and diabetes. (AR at 102, 103.)

Plaintiff's applications were denied initially on December 17, 2009, and upon reconsideration on February 12, 2010. (AR at 105-109, 114-118.) An administrative hearing was held on October 25, 2010, before Administrative Law Judge ("ALJ") Ariel L. Sotolongo. Plaintiff, represented by counsel, testified, as did a medical expert and a vocational expert. (AR at 54-96.) On November 24, 2010, the ALJ issued an unfavorable decision. (AR at 21-36.) She found that Plaintiff had not engaged in substantial gainful activity since the disability onset date. (AR at 26.) The ALJ further found that the medical evidence established that Plaintiff suffered from the following severe impairments: history of left ankle pain with occasional edema, osteoarthritis of the left shoulder, diabetes mellitus, and obesity. (Id.)

The ALJ determined that Plaintiff's impairments did not meet, or were not medically equal to, one of the listed impairments in 20 C.F.R., Part 404, Subpart P, Appendix 1. (AR at 29.) The ALJ further found that Plaintiff retained the residual functional capacity ("RFC") to perform sedentary work as defined in 20 C.F.R. 404.1567(a) and 416.967(a) with the following exceptions:

> The claimant can lift and carry up to 20 pounds occasionally and 10 pounds frequently; stand and walk up to 2 hours in an 8-hour day; and sit up to 6 hours in an 8-hour day. She is limited to occasional postural activities, except that she can never climb ropes, ladders, or scaffolds and she must avoid rough/uneven terrain. She is also limited to occasional

overhead reaching, pushing, and pulling with the left upper extremity. Furthermore, the claimant must avoid hazards such as unprotected heights or dangerous machinery.

(AR at 29-30.) The ALJ determined that Plaintiff was capable of performing her past relevant work as a receptionist and telemarketer. (AR at 32.) Therefore, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act. *See* 20 C.F.R. § 416.920(f). (AR at 33.)

On February 29, 2012, the Appeals Council denied review. (AR at 1-6.) Plaintiff then timely commenced this action for judicial review. On October 5, 2012, the parties filed a Joint Stipulation ("Joint Stip.") of disputed facts and issues. Plaintiff contends that the ALJ erred by failing to perform a proper credibility analysis. (Joint Stip. at 4.) Plaintiff seeks reversal of the Commissioner's denial of her applications and payment of benefits or, in the alternative, remand for a new administrative hearing. (Joint Stip. at 17.) The Commissioner requests that the ALJ's decision be affirmed. (Joint Stip. at 18.)

After reviewing the parties' contentions and the record as a whole, the Court finds Plaintiff's contention regarding the ALJ's failure to properly evaluate Plaintiff's credibility to be meritorious and remands this matter for further proceedings consistent with this opinion.

## II. Standard of Review

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's or ALJ's decision must be upheld unless "the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1990); *Batson v.*

*Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004); *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Widmark v. Barnhart*, 454 F.3d 1063, 1066 (9th Cir. 2006). It is more than a scintilla, but less than a preponderance. *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can support either affirming or reversing the ALJ's conclusion," the reviewing court "may not substitute its judgment for that of the ALJ." *Robbins*, 466 F.3d at 882.

**III. Discussion**

Plaintiff contends that the ALJ erred by failing to provide clear and convincing reasons for discounting her subjective symptom testimony. (Joint Stip. at 4.) To determine whether a claimant's testimony about subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009) (citing *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035-36 (9th Cir. 2007)). First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the alleged pain or other symptoms. *Lingenfelter*, 504 F.3d at 1036. "[O]nce the claimant produces objective medical evidence of an underlying impairment, an adjudicator may not reject a claimant's subjective complaints based solely on a lack of

objective medical evidence to fully corroborate the alleged severity of pain." *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cir. 1991) (en banc). To the extent that an individual's claims of functional limitations and restrictions due to alleged pain is reasonably consistent with the objective medical evidence and other evidence in the case, the claimant's allegations will be credited. SSR 96-7p, 1996 WL 374186 at *2 (explaining 20 C.F.R. §§ 404.1529(c)(4), 416.929(c)(4)).[1]

Unless there is affirmative evidence showing that the claimant is malingering, the ALJ must provide specific, clear and convincing reasons for discrediting a claimant's complaints. *Robbins*, 466 F.3d at 883. "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Reddick*, 157 F.3d at 722 (quoting *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996)). The ALJ must consider a claimant's work record, observations of medical providers and third parties with knowledge of claimant's limitations, aggravating factors, functional restrictions caused by symptoms, effects of medication, and the claimant's daily activities. *Smolen v. Chater*, 80 F.3d 1273, 1283-84 & n.8 (9th Cir. 1996). The ALJ may also consider an unexplained failure to seek treatment or follow a prescribed course of treatment and employ other ordinary techniques of credibility evaluation. *Id*. (citations omitted).

Plaintiff testified at the administrative hearing to the following symptoms and functional limitations: she has swelling and pain in her

---

[1] "The Secretary issues Social Security Rulings to clarify the Secretary's regulations and policy .... Although SSRs are not published in the federal register and do not have the force of law, [the Ninth Circuit] nevertheless give[s] deference to the Secretary's interpretation of its regulations." *Bunnell*, 947 F.2d at 346 n.3.

left foot and ankle, which makes it difficult for her to sit or stand for more than 30 to 45 minutes; she has had surgery twice on her left shoulder and still has constant pain; she has fibroid tumors which cause her to bleed 25 days per month; she was hospitalized twice for pulmonary embolisms which made it difficult for her to breathe; and she has anxiety attacks approximately once or twice per week for which she is taking anti-anxiety medication. (AR at 60-80.)

The ALJ found that Plaintiff's medical impairments could reasonably be expected to produce the alleged symptoms. (AR at 30.) The ALJ was therefore required to provide specific, clear and convincing reasons for rejecting Plaintiff's subjective allegations of pain and functional limitations. The ALJ provided the following reasons for finding Plaintiff's testimony not fully credible:

> Finally, I do not fully credit the testimony and allegations of the claimant. As discussed above, the record reveals that the claimant's impairments are not as severe as she alleges. Indeed, although the claimant testified that she periodically uses a cane, the record provides no indication that such a cane is necessary for ambulation. Furthermore, although the claimant testified that she is undergoing treatment for her anxiety, she did not provide any evidence of this treatment.

(AR at 32.)

The reasons put forth by the ALJ for discrediting Plaintiff's testimony are not supported by substantial evidence in the record. First, the ALJ's finding that there is no objective medical evidence corroborating Plaintiff's subjective pain testimony is not, without more, a sufficient reason for discrediting Plaintiff. *See Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005) (noting that "lack of

medical evidence cannot form the sole basis for discounting pain testimony”). Although “the medical evidence is a relevant factor in determining the severity of the claimant’s pain and its disabling effects,” once a claimant produces objective medical evidence of an underlying impairment, an ALJ “may not reject a claimant’s subjective complaints based solely on lack of objective medical evidence to fully corroborate the alleged severity of pain.” *Rollins v. Massanari*, 261 F.3d 853, 856-57 (9th Cir. 2001).

The other reasons given by the ALJ for discrediting Plaintiff’s subjective symptom testimony are also not supported by substantial evidence in the record. Claimant testified that she uses a cane approximately four to six times per month when her left ankle swells to avoid putting weight and pressure on the ankle. (AR at 79-80.) It is unclear how the mere fact that Plaintiff chooses to occasionally use a cane undermines her credibility. There is certainly no medical requirement that a cane must be prescribed by a doctor nor is there any mention in the medical records that Plaintiff’s physicians believed that the use of a cane was unnecessary or deleterious. (AR at 1-6.) Contrary to the Commissioner’s contention (Joint Stip. at 14), the fact that she did not happen to use a cane on the dates of her physical examinations is not necessarily inconsistent with her claims of needing to use a cane only periodically when her ankle swelled.

In addition, there is evidence in the record that Plaintiff is being treated for her anxiety. Plaintiff was prescribed Lorazepam[2] for her anxiety. (AR at 439-40, 449, 452-53, 461, 465, 477-78, 480-81.) As for the ALJ’s statement that there was no evidence that Plaintiff was

---

[2] Lorazepam, the generic form of Ativan, is a benzodiazepine used to relieve anxiety. <www.nlm.nih.gov.>

seeing a psychologist or therapist for her anxiety, Plaintiff testified that she had been trying to obtain therapy from her providers at Kaiser but that they would not accept Medi-Cal for therapy. (AR at 70.) She further testified that they were referring her to someone else, who might accept Medi-Cal for therapy services. (Id.) Thus, it is clear from reading Plaintiff's comments in context that there is no real discrepancy between her testimony and the medical records.

In support of the argument that the ALJ properly addressed Plaintiff's subjective complaints, the Commissioner points to other evidence in the record which allegedly discredits Plaintiff's statements. The Commissioner argues that the ALJ "noted that Plaintiff was not entirely compliant with her diabetes treatment regimen." (Joint Stip. at 14, citing AR at 27.) Contrary to the Commissioner's contention, the ALJ did not explicitly state that Plaintiff was noncompliant with her diabetes treatment but that her "diabetes had been characterized as 'uncontrolled' on several occasions." (AR at 27.) It is unclear from this reference whether Plaintiff's diabetes was considered "uncontrolled" based upon her non-compliance with her medication. However, even assuming that this would be a sufficient reason for the ALJ to reject Plaintiff's subjective complaints, the ALJ did not clearly and explicitly rely on Plaintiff's alleged non-compliance in support of her credibility determination. It would be error for this Court to affirm the ALJ's decision based upon reasons that the ALJ did not discuss. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003).

In sum, the reasons given by the ALJ were not supported by substantial evidence in the record and were therefore insufficient to reject Plaintiff's testimony regarding her symptoms and related limitations.

**IV. Conclusion**

The decision whether to remand for further proceedings is within this Court's discretion. *Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Where no useful purpose would be served by further administrative proceedings, or where the record has been fully developed, it is appropriate to exercise this discretion to direct an immediate award of benefits. *Id*. at 1179 ("[T]he decision of whether to remand for further proceedings turns upon the likely utility of such proceedings."); *Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004). However, where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate. *Bunnell v. Barnhart*, 336 F.3d 1112, 1115-16 (9th Cir. 2003); *see also Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003) (remanding case for reconsideration of credibility determination).

Here, the ALJ failed to explain with sufficient specificity the basis for her determination that Plaintiff was not fully credible regarding the intensity, persistence, and limiting effects of her symptoms. A more complete analysis is required. Accordingly, the case is remanded for further proceedings consistent with this opinion and order.

DATED: October 19, 2012

Marc L. Goldman
United States Magistrate Judge